HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ERIC ELLISON and MARLENE ELLISON,<br><br>Plaintiffs,<br><br>v.<br><br>STATE FARM INSURANCE COMPANY, et al.,<br><br>Defendants. | CASE NO. C14-5844 RBL<br><br>ORDER GRANTING UNOPPOSED MOTION FOR SUMMARY JUDGMENT<br><br>[Dkt. #12] |

THIS MATTER is before the Court on Defendants' Motion for Summary Judgment [Dkt. #12]. The case involves the Ellisons' first party insurance claim for losses from a September, 2011, theft of their home. State Farm and its "Special Investigation Unit" claims handler, Defendant Ruiz, investigated and ultimately denied the Ellisons' claim. The Ellisons sued in September 2014, alleging violations of the insurance contract, bad faith, the Consumer Protection Act, the Insurance Fair Conduct Act, and claims for defamation, outrage and attorneys' fees. [Dkt. #1-2]

State Farm's Motion for Summary Judgment relies on a thoroughly supported recitation of the facts. It claims that the Ellisons claimed various losses totaling $15,000, and, later, more

than $30,000. State Farm catalogs a series of discrepancies in the Ellisons' version of the events and the items stolen. They demonstrate that the Ellisons had financial problems and that their stories were inconsistent with and changed over time. [*See* Dkt. #s 12, 13-19]. On May 15, 2012, State Farm denied the claim because the Ellisons had made material misrepresentations in it.

State Farm argues that on the record before the Court, the Ellisons made material misrepresentations about their loss and the manner in which it occurred, as a matter of law. The State Farm insurance policy included a "void for fraud provision," and State Farm argues that it should be enforced:

> There is no coverage for the Plaintiff's theft claim because the policy was voided by the Plaintiff's material misrepresentations regarding the items stolen from their home. In Washington, an insured's material misrepresentation is grounds to void coverage of a claim. *Cox v. Mut. of Enumclaw Ins. Co.*, 110 Wn.2d 643, 650, 757 P.2d 499 (1998).

[Dkt. #12 at 14] State Farm also argues that the Ellisons' policy had a one year suit limitation period, and the Ellisons failed to file suit within one year of the loss—indeed, they did not file suit until more than *four* years after the loss (on September 15, 2014) [Dkt. #1-2].

The Ellisons have not responded to the Motion, and the deadline for doing so was April 20, 2015. State Farm argues that this failure, coupled with the evidence it has supplied in support of its motion, permit and compel the Court to dismiss the Ellisons' claims on summary judgment:

> Accordingly, the Court may grant summary judgment based upon the undisputed facts set forth in State Farm's motion and affidavits submitted in support thereof. CR 56(e)(3); *see also, Heineman v. Satterburg*, 731 F.3d 914, 917-18 (9th Cir. 2013) (court may not grant summary judgment based solely on failure of nonmoving party to file opposition, but may grant summary judgment based on the merits of the motion).
> [Dkt. # 20 at 1, 2]

Summary judgment is appropriate when, viewing the facts in the light most favorable to the nonmoving party, there is no genuine issue of material fact which would preclude summary judgment as a matter of law. Once the moving party has satisfied its burden, it is entitled to summary judgment if the non-moving party fails to present, by affidavits, depositions, answers to interrogatories, or admissions on file, "specific facts showing that there is a genuine issue for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). "The mere existence of a scintilla of evidence in support of the non-moving party's position is not sufficient." *Triton Energy Corp. v. Square D Co.*, 68 F.3d 1216, 1221 (9th Cir. 1995). Factual disputes whose resolution would not affect the outcome of the suit are irrelevant to the consideration of a motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In other words, "summary judgment should be granted where the nonmoving party fails to offer evidence from which a reasonable [fact finder] could return a [decision] in its favor." *Triton Energy*, 68 F.3d at 1220.

State Farm has produced evidence supporting its claim that the Ellisons misrepresented the facts and the merits of their claim. The Ellisons have not met their burden of establishing that there is a material issue of fact on any of the issues raised in State Farm's Motion.

The contract claim is untimely as a matter of law, and the basis for the initial 2012 claim denial appears to be well-documented and sound. The Ellisons made material misrepresentations about what was stolen and how much it was worth, and about many other details of the theft and the claim. The Ellisons' material misrepresentations also support the dismissal of their extra-contractual claims. As state Farm points out, bad faith and CPA claims must be dismissed when an insured intentionally makes material misrepresentations in a claim for insurance coverage, *Cox,* 110 Wn.2d at 652; *Tornetta v. Allstate Ins. Co.,* 94 Wn. App. 803, 810–11, 973 P.2d 8, *review denied,*

1  138 Wn.2d 1012, 989 P.2d 1143 (1999); *Wickswat v. Safeco Ins. Co.,* 78 Wn. App. 958, 904 P.2d
2  767 (1995).
3        State Farm's Motion for Summary Judgment [Dkt. #12] is GRANTED and all of the
4  Ellisons' claims against it (and against Defendant Ruiz) are DISMISSED with prejudice.
5        IT IS SO ORDERED.
6        Dated this 6th day of May, 2015.

                                                      /s/ Ronald B. Leighton
                                        RONALD B. LEIGHTON
                                        UNITED STATES DISTRICT JUDGE